S96A0798. JOSEPH v. THE STATE.
(471 SE2d 890)

SEARS, Justice.

The appellant, Frederick Joseph, was convicted of the murder of his estranged wife, Paula Joseph, and of possession of a knife during the commission of a felony.* Joseph was sentenced to life in prison for murder and to a term of five consecutive years for the possession offense. Joseph appeals, contending that the trial court should have granted his request for a change of venue and should not have allowed the state to introduce evidence of prior difficulties with the victim. We find no error and affirm.

The state presented evidence that about 7:00 a.m. on November 22, 1991, Frederick went to a convenience store where Paula worked.

---

* The crimes occurred on November 22, 1991. Joseph was indicted on January 13, 1992, and was convicted on February 11, 1992. Joseph filed a motion for a new trial on March 5, 1992, and the court reporter certified the transcript on October 5, 1992. The trial court denied the motion for new trial on January 25, 1996, and Joseph filed a notice of appeal that same day. The appeal was docketed in this Court on February 7, 1996, and was submitted for decision on briefs on April 1, 1996.

Two witnesses testified that they saw Frederick chase Paula from the store, throw her to the ground, and stab her with a butcher knife. Medical evidence established that Paula had been stabbed several times and died from a stab wound to the heart. Police arrested Frederick on the day of the stabbing and took him to a doctor's office for treatment of a laceration to his left hand. In response to a question from one of the doctor's assistants regarding whether he was married, Joseph stated, "Not anymore, I just got through killing my wife — I just killed my wife."

The state also presented evidence that the night before the stabbing Frederick had followed Paula to a friend's apartment where he heatedly argued with her. The altercation ended only after he repeatedly kicked the driver's window of Paula's car, shattering the glass. Shortly after that incident, George Edwards, an acquaintance of Frederick, saw Frederick on a street corner. Edwards testified that Frederick was excited and upset, and first told Edwards that he had caught Paula with another man and then repeatedly told Edwards that he (Frederick) was "gonna get her."

Having reviewed the evidence in a light most favorable to the verdict, we conclude that the evidence is sufficient to support the convictions.[2] Moreover, we find no merit either to Frederick's contention that the trial court erred in denying his request for a change of venue or to his contention that the trial court erred in admitting evidence of his altercation with Paula the night before the stabbing. Accordingly, we affirm Frederick's convictions.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Laurens C. Lee*, for appellant.
*Charles H. Weston, District Attorney, Thomas J. Matthews, Wayne G. Tillis, Assistant District Attorneys, Michael J. Bowers, Attorney General, Caroline W. Donaldson, Assistant Attorney General*, for appellee.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).